IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| DAVID HOUSER, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 5:22-CV-00135-KDB-DCK |
| KÖRBER SUPPLY CHAIN US, INC., | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT

Defendant Körber Supply Chain US, Inc. (hereafter "KSC" or "Defendant") responds, defends, and pleads in response to the Complaint against it by David Houser (hereafter "Plaintiff" or "Houser") as follows:

## FIRST DEFENSE

KSC denies each and every allegation contained in the Complaint except as hereinafter may be expressly admitted or otherwise responded to by this Answer.

In response to the numbered paragraphs and sentences of the Complaint, KSC admits, denies, or otherwise responds as follows:

## PARTIES, JURISDICTION AND VENUE

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

## BACKGROUND

8. KSC lacks knowledge or information sufficient to form a belief regarding what Plaintiff's action arises from and therefore denies this allegation. KSC admits there is a Confidential Separation Agreement between KSC and Plaintiff. KSC denies the remaining allegations contained in Paragraph No. 8 of Plaintiff's Complaint.

9. KSC lacks knowledge or information sufficient to form a belief as to the extent to which Mr. Houser played a substantial role in the overall growth of the company and therefore denies this allegation. The remaining allegations are admitted.

10. Admitted.

11. Admitted.

12. It is admitted that KSC flourished. KSC lacks knowledge or information sufficient to form a belief as to the extent to which it flourished due to Plaintiff's efforts, and KSC therefore denies the remaining allegations.

13. Admitted.

14. Denied.

15. KSC admits the parties agreed to a Special Business Area Bonus Target Agreement, which is attached to Plaintiff's Complaint as Exhibit B and is in writing and is therefore the best evidence of its contents. The remaining allegations set forth in Paragraph No. 15 of Plaintiff's Complaint are denied.

16. KSC lacks knowledge or information sufficient to form a belief regarding what Plaintiff decided and denies the allegations regarding what Plaintiff decided. KSC admits Plaintiff

began discussing an amicable separation from the company. KSC denies the remaining allegations set forth in Paragraph No. 16 of Plaintiff's Complaint

17. Admitted.

18. KSC admits that the Separation Agreement is in writing and is therefore the best evidence of its contents. To the extent the remaining allegations set forth in Paragraph No. 18 of Plaintiff's Complaint mischaracterize the written Separation Agreement's terms, including any payment obligations in the compensation package, those remaining allegations are denied.

19. KSC admits that the Separation Agreement is in writing and is therefore the best evidence of its contents. To the extent the remaining allegations set forth in Paragraph No. 19 of Plaintiff's Complaint mischaracterize the written Separation Agreement's terms, those remaining allegations are denied.

20. KSC lacks knowledge or information sufficient to form a belief regarding Plaintiff's reliance and therefore denies the allegations set forth in Paragraph No. 20 of Plaintiff's Complaint.

21. Denied.

22. Denied.

23. KSC admits that the Separation Agreement is in writing and is therefore the best evidence of its contents. To the extent the remaining allegations set forth in Paragraph No. 23 of Plaintiff's Complaint mischaracterize the written Separation Agreement's terms, those remaining allegations are denied. KSC denies all remaining allegations set forth in Paragraph No. 23 of Plaintiff's Complaint.

24. KSC admits it characterized the Special BA Bonus and the Long Term Incentive as "one in the same", and that there was a "scrivener's error" in the Separation Agreement that leads

to reformation by operation of law on the ground of mutual mistake. KSC lacks knowledge or information sufficient to form a belief regarding whether Plaintiff was undeniably never mistaken and therefore denies those allegations and all remaining allegations set forth in Paragraph No. 24 of Plaintiff's Complaint.

25. Denied.

26. Denied.

27. Denied.

28. The allegations contained in Paragraph No. 28 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the allegations are denied.

## **COUNT I – FRAUDULENT INDUCEMENT**

1. KSC incorporates by reference and re-alleges the responses made in all preceding Paragraphs.

2. The allegations set forth in Paragraph No. 2 to Count I of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent any response may be required, the allegations are denied.

3. The allegations set forth in Paragraph No. 3 to Count I of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent any response may be required, KSC lacks knowledge or information sufficient to form a belief regarding what Plaintiff knew, and the remaining allegations are denied.

4. The allegations set forth in Paragraph No. 4 to Count I of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent any response may be

required, KSC lacks knowledge or information sufficient to form a belief regarding what Plaintiff relied upon or how he justified his reliance, and the remaining allegations are denied

5. Denied.

**COUNT II – BREACH OF CONTRACT AND DUTY OF GOOD FAITH**

6. KSC incorporates by reference and re-alleges the responses made in all preceding Paragraphs.

7. KSC admits that the Separation Agreement is in writing and is therefore the best evidence of its contents. To the extent the allegations set forth in Paragraph No. 7 to Count II of Plaintiff's Complaint mischaracterize the written Separation Agreement's terms, those allegations are denied.

8. KSC lacks knowledge or information sufficient to confirm the allegations set forth in Paragraph No. 8 to Count II of Plaintiff's Complaint and therefore denies those allegations.

9. KSC admits that the Separation Agreement is in writing and is therefore the best evidence of its contents. To the extent the allegations set forth in Paragraph No. 9 to Count II of Plaintiff's Complaint mischaracterize the written Separation Agreement's terms, those allegations are denied.

10. KSC admits that the Long Term Incentive and Special BA Bonus are one in the same. The remaining allegations set forth in Paragraph No. 10 to Count II of Plaintiff's Complaint are denied.

11. KSC admits that the Separation Agreement is in writing and is therefore the best evidence of its contents. To the extent the allegations set forth in Paragraph No. 11 to Count II of Plaintiff's Complaint mischaracterize the written Separation Agreement's terms, those allegations are denied.

12. The allegations set forth in Paragraph No. 12 to Count II of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent any response may be required, KSC denies the allegations.

13. The allegations set forth in Paragraph No. 13 to Count II of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent any response may be required, KSC denies the allegations.

14. Denied.

15. Denied.

16. Denied.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Defendant Körber Supply Chain US, Inc. respectfully requests that this Court:

1. Adjudicate this dispute without a jury as the parties agreed that any dispute arising in connection with the Separation Agreement or any dispute between Plaintiff and KSC shall be adjudicated by trial to a court sitting without a jury (*See* Separation Agreement at § 15);

2. Deny all requested relief contained in Plaintiff's Complaint;

3. Dismiss Plaintiff's Complaint with prejudice;

4. Tax all costs and legal fees against Plaintiff under applicable law (including C.R.S. § 13-17102(2)); and

5. Award Defendant attorneys' fees, costs and expenses of litigation, and such other relief as the Court deems just and proper.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

### SECOND DEFENSE

The Complaint fails to state one or more claims for which relief may be granted under Fed. R. Civ. P. 12(b)(6).

### THIRD DEFENSE

Plaintiff failed in whole or in part to mitigate any alleged damages.

### FOURTH DEFENSE

KSC denies any and all allegations made in the Complaint not specifically admitted or otherwise responded to by this Answer.

### FIFTH DEFENSE

Plaintiff's contract claim is barred for lack of standing and jurisdiction under the doctrine of ripeness. More specifically, the conductions for accrual of Plaintiff's alleged right to a "Long Term Incentive" were never met.

### SIXTH DEFENSE

Plaintiff has been fully compensated for all amounts due.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's fraudulent inducement claim is not pled in a manner that satisfies the heightened pleading requirement mandated by F.R.C.P. 9(b) or N.C. R. Civ. P. 9(b). More specifically, in pleading his fraud claim, Plaintiff does not identify the precise statements he claims were false or misleading, give particulars as to the respect in which he contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's fraudulent inducement claim is barred by the economic loss rule as, for example, the claim is predicated upon the nonperformance of an alleged promise or contractual obligation or otherwise on the failure to fulfill and agreement to make a payment at a future time. To the extent there are any misrepresentations, all such misrepresentations are memorialized in the parties' contract.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, including the breach of contract and duty of good faith claim, are barred by virtue of mutual mistake. More specifically, the Separation Agreement is subject to avoidance or reformation, because there is a scrivener's error in Section 2.1 of the Separation Agreement where the phrase "Long Term Incentive" is mistakenly used. There was no "Long Term Incentive" bonus payment agreement between the parties independent of the "Special BA Bonus." The Long Term Incentive and the "Special BA Bonus" are one in the same. KSC paid the "Special BA Bonus" to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, including the breach of contract and duty of good faith claim are barred by virtue of KSC's unilateral mistake. More specifically, the Separation Agreement is subject to avoidance or reformation, because KSC was mistaken in Section 2.1 of the Separation Agreement where the phrase "Long Term Incentive" is mistakenly included along with "Special BA Bonus." There was no "Long Term Incentive" bonus payment agreement between the parties independent of the "Special BA Bonus." The Long Term Incentive and the "Special BA Bonus" are one in the same. KSC paid the Special BA Bonus to Plaintiff. Therefore, Plaintiff received full payment of the "Long Term Incentive" or "Special BA Bonus" as the terms refer to the same thing. KSC

made the unilateral mistake of using two terms ("Long Term Incentive" and "Special BA Bonus") to refer to the same bonus payment. Thus, Plaintiff received the benefit of the parties' intended bargain under the Separation Agreement.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of equitable estoppel or quasi-estoppel as Plaintiff received and retained the "Short Term Incentive", the "Special BA Bonus" (also referred to as "Long Term Incentive"), and all other payments due to him. Plaintiff also accepted payment of his accrued salary through the Separation Date, the Special BA Bonus, and his investment in the original plan. Plaintiff should be estopped from taking Plaintiff's current position that a "Long Term Incentive" or another "Special BA Bonus" above the one he KSC paid him, as he accrued no right to such payments, such payments do not exist, such payments are incalculable, and Plaintiff instead accepted all amounts to which he is entitled through his relationship with and Separation Agreement with KSC.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's contract claim is barred by failure of consideration as Plaintiff never provided KSC with any consideration in exchange of payment of an additional "Long Term Incentive" or an additional "Special BA Bonus" or other such payment.

## SEVENTH AFFIRMATIVE DEFENSE

KSC has at all times acted in subjective good faith and based on objectively reasonable grounds for believing its actions were in conformity with applicable law and has engaged in no willful or intentional violations of the law. For example, KSC's actions were in conformity with its belief that it paid Plaintiff all amounts due under the parties' Separation Agreement, and with the understanding that the Separation Agreement refers to the same single payment which is

described using two terms – "Long Term Incentive" or "Special BA Bonus" – which mean the same thing.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that another "Long Term Incentive" existed and was promised to him, or that a second "Special BA Bonus" existed and was promised to him, Plaintiff did not perform or satisfy the express conditions necessary and precedent to accrue any right to receive those additional payments.  Moreover, the amounts allegedly paid to Plaintiff for those additional payments are incalculable because Plaintiff did not satisfy the express conditions necessary and precedent to trigger any obligation for KSC to calculate and pay another "Long Term Inventive" or a another "Special BA Bonus" over and above amounts KSC already paid to Mr. Houser.

Respectfully submitted, this the 1st day of November, 2022.

s/ Philip A. Hinson
NC State Bar No. 42907
Kevin V. Parsons, NC State Bar No. 19226
Lewis  Brisbois Bisgaard & Smith LLP
521 East Morehead Street, Suite 250
Charlotte, North Carolina 28202
Telephone: 704.557.9929
Fax:  704.557.9932
Philip.Hinson@lewisbrisbois.com
Kevin.Parsons@lewisbrisbois.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing "ANSWER TO COMPLAINT" in the above-captioned proceeding was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send notification to the following:

> Paul A. Capua
> Genevieve A. Mente
> CAPUA LAW FIRM, PA
> 164 South Depot Street
> Boone, NC 28607
>
> Attorneys for Plaintiff

This the 1st day of November, 2022.

s/ Philip A. Hinson